The opinion of the Court was delivered by
Duncan J.
This was an. action for money'had and ceived to the use of defendant. The facts were briefly these1.’
Robert Fleming being the owner of a tract of land, trans- • o-o . • ■ # 7 ■ férred the land to his aon William Fleming, but did not execute á conveyance. About the year 1800, William took'posSession, occupied and improved it, and was féputed the ner of it. On the 20th February, 1801,' he gave his single bill to John Alter, for eighty-six dollars, on which judgment was entered, execution issued, and levied on this land. William' Fleming, in 1806, agreed to sell the land to Samuel Lippiheott, with the knowledge of his father -Robert, who agreed to execute a conveyance to Lippincott, declaring the land, to' *296 be William’s, and on the 17th April, 1806, did execute a conveyance, to Lippincott, in consideration, of 1183/. 10s. The bonds for the purchase money were given to Robert Fleming. All had been paid, but ttie last bond for .payment of 100/., and Robert Fleming declared he would.'pay the debts of William. There can be no question but that Robert Fleming, •in some form of action, was liable'to pay this debt, and although the promise was not made to Alter; yet being for his benefit, he might accede to it, and inforce payment. Ihis action for money had and received, is .most liberal; it is- in effect a bill in equity. . Now if a Court of Equity would decree the payment of this money^ no action is more proper than this. • This was money in the hands of defendant, received by him in trust for the .creditors of his son William, in fact money received for their use. The father held the legal title i.n trust for his. son, he agrees to convey to Lippincott','does convey, receives-the money and promises to pay the debts of his son ; in good conscience he would be bound to pay independent of his express promise. In this form of action, plaintiff can recover no more than has come into the hands of .defendant. It is subject to every equitable defence,' ex equo and bono. The money received for the land was money received by defendant below, in trust to pay the plaintiff, and it is evident that this action was well adapted to the nature of the plaintiff’s claim; none could be more so. The Court ■will not suffer a party to be taken bv surprise by the generality of the declaration. Here there could be no surprise ; the defendant if not informed of the nature of the claim, coüld have called on the plaintiff for a specification.
.Judgment affirmed.